

IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

ANGENETTE WALKER, on                                                               PLAINTIFF
behalf of herself and those
similarly situated

vs.                                                                      CASE NO.: 5:14cv45 DCB-MTP

SODEXO, INC.                                                                     DEFENDANT

---

**COMPLAINT & DEMAND FOR JURY TRIAL**
(Collective Action Complaint)

---

COMES NOW Plaintiff, Angenette Walker, on behalf of herself and those similarly situated (hereinafter referred to as "Plaintiff"), and sues Defendant, Sodexo, Inc., a Mississippi for Profit Corporation and (hereinafter referred to as "Defendant" or "Sodexo"), pursuant to the Fair Labor Standards Act, 29 U.S.C. §216(b) for unpaid overtime wages in violation of 29 U.S.C. §207(a)(l) and 29 U.S.C. §215(a)(2). Additionally, Plaintiff also seeks a declaration of rights pursuant to Fed.R.Civ.P. 57 and the Federal Declaratory Judgment Act ("DJA"), 28 U.S.C. §2201.

### I.  NATURE OF SUIT

1. The FLSA was passed by Congress in 1938. The principal congressional purpose in enacting the FLSA was to protect all covered workers from substandard wages and oppressive working hours, labor conditions that are detrimental to maintenance of minimum standards of living necessary for health, efficiency, and general well-being of workers. *Barrentine v. Arkansas-Best Freight System, Inc.*, 450 U.S. 728, 739, 101 S.Ct. 1437, 1444 (1981). The liquidated damage provision of the FLSA constitutes a congressional recognition that failure to

pay statutory minimum on time may be so detrimental to maintenance of minimum standard of living necessary for health, efficiency, and general well-being of workers and to the free flow of commerce, that double payment must be made in event of delay in order to insure restoration of worker to that minimum standard of well-being. *Brooklyn v. Sav. Bank v. O'Neil*, 324 U.S. 697, 707-08, 65 S.Ct. 895, 902 (1945).

2.  This action is brought under the FLSA to recover from Defendant overtime compensation, liquidated damages, and reasonable attorneys' fees and costs.

3.  Additionally, Plaintiff seeks a declaration of rights pursuant to F.R.C.P. 57 and the Federal Declaratory Judgment Act ("DJA"), 28 U.S.C. §2201.

4.  This action is intended to include each and every Sodexo, Inc., employee who worked for the Defendant at any time within the past three (3) years.

## II.   PARTIES

5.  Plaintiff worked as a Food Server and performed related activities for Defendant in Jefferson County, Mississippi.

6.  Defendant, Sodexo, Inc., is a foreign business corporation that operates and conducts business in, among others, Jefferson County, Mississippi and is therefore, within the jurisdiction of this Court.

7.  This action is intended to include any and all similarly situated Sodexo employees who worked for Defendant within the last three (3) years and who likewise were not paid overtime compensation at a rate of time and one-half their regular rate of pay for hours worked by them over forty (40) in a work week.

### III. JURISDICTION AND VENUE

8. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1337 and the FLSA.

9. Pursuant to 28 U.S.C. §1391(b), venue is appropriate in this district because a substantial part of the events and/or omissions giving rise to the claims herein occurred in this judicial district.

10. The Court has the authority to grant declaratory relief pursuant to the FLSA and the Federal Declaratory Judgment Act ("DJA"), 28 U.S.C. §§ 2201-02.

### IV. COVERAGE

11. At all material times during the last three (3) years, Defendant was an enterprise covered by the FLSA, and as defined by 29 U.S.C. § 203(r) and 203(s).

12. At all material times relevant to this action, Defendant's annual gross volume of sales made or business done is not less than Five Hundred Thousand and 0/100 dollars ($500,000.00).

13. At all material times during the last three (3) years, Defendant were considered an "employer" as defined by 29 U.S.C. § 203(d).

14. As such, Plaintiff, and other similarly situated employees were individually covered by the FLSA as they regularly interacted with interstate clientele and regularly handled goods and materials that originated out of state.

15. At all material times during the last three (3) years, Defendant failed to comply with 29 U.S.C. §§201-209 because Plaintiff, on behalf of herself and those similarly situated, performed services for Defendant for which no provisions were made by Defendant to properly

pay Plaintiff, or other similarly situated employees, for those hours in excess of forty (40) within a work week.

16.     Defendant and its officers and agencies are responsible under the United States Constitution, federal law, and regulations for the establishment and administration of personnel, employment and compensation policies and practices and for applying to Plaintiff and those similarly situated employees, the provisions of the FLSA and other applicable federal pay and compensation statutes and regulations.

17.     Upon information and belief, the records, to the extent that any exist, concerning the number of hours worked and amounts paid to Plaintiff and those similarly situated are in the possession, custody and control of Defendant.

## V.     FACTUAL ALLEGATIONS

18.     Defendant, Sodexo, Inc., operates a food services company which provides services to its clients in Lorman, Mississippi (Jefferson County).

19.     Plaintiff, Angenette Walker, worked as a food server for Defendant in Jefferson County, Mississippi.

20.     Plaintiff worked in this capacity from approximately August 1, 2012 through present.

21.     During her employment with Defendant, Plaintiff was not paid her complete wages for one or more work weeks.

22.     Upon information and belief, the records, to the extent any exist, concerning the number of hours worked and amounts paid to Plaintiff are in the possession and custody of Defendant.

23. During her employment, Plaintiff regularly worked hours in excess of forty (40) hours per week for which Defendants failed to compensate her. Plaintiff's supervisors were aware of the hours Plaintiff worked for which she was not compensated but told Plaintiff she would have to work over seven (7) hours but any additional hours would not be accounted for.

24. She typically worked between forty (40) and forty-five (45) hours per week without overtime compensation.

25. Virtually all of the food servers work well over forty (40) hours per week.

26. Plaintiff and those similarly situated to her routinely worked in excess of forty (40) hours per week as part of their regular job duties.

27. Despite working more than forty (40) hours per week, Defendant failed to pay Plaintiff and those similarly situated to her overtime compensation at a rate of time and a half their regular rate of pay for hours worked over forty (40) in a workweek.

28. Defendant have employed and is employing other individuals as food servers who perform(ed) the same or similar job duties under the same pay provision as Plaintiff and the class members.

## VI. COLLECTIVE ACTION ALLEGATIONS

29. Plaintiff and the class members performed the same or similar job duties as one another in that they provided food services for Defendant.

30. Further, Plaintiff and the class members were subjected to the same pay provisions in that they were paid an hourly rate of pay and not compensated at time-and-one-half for all hours worked in excess of forty (40) hours in a workweek during the time period when they were misclassified. Thus, the class members are owed overtime wages for the same reasons as Plaintiff.

31. Defendant's failure to compensate employees for hours worked in excess of forty (40) hours in a workweek as required by the FLSA results from a policy or practice of failure to assure that food servers are paid for overtime hours worked.

32. This policy or practice was applicable to Plaintiff and the class members. Application of this policy or practice does not depend on the personal circumstances of Plaintiff or those joining this lawsuit. Rather, the same policy or practice which resulted in the non-payment of overtime to Plaintiff applies to all class members. Accordingly, the class members are properly defined as:

> **All food servers who worked at any of Defendants establishments within the last three years who were not compensated at time-and-one-half for all hours worked in excess of 40 hours in a workweek**

33. Defendant knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice of failing to pay overtime compensation with respect to Plaintiff and the class members.

34. Defendant did not act in good faith or reliance upon any of the following in formulating its pay practices: (a) case law, (b) the FLSA, 29 U.S.C. § 201, *et seq.*, (c) Department of Labor Wage & Hour Opinion Letters or (d) the Code of Federal Regulations.

35. During the relevant period, Defendants violated § 7(a)(1) and § 15(a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA as aforesaid, for one or more workweeks without compensating such employees for their work at a rate of at least the time-and-one-half for all hours worked in excess of forty (40) hours in a work week.

36. Defendant have acted willfully in failing to pay Plaintiff and the class members in accordance with the law.

## COUNT I - RECOVERY OF UNPAID OVERTIME COMPENSATION

37. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 – 36 above.

38. Plaintiff, and those similarly situated to her, are/were entitled to be paid at least time and one-half her regular rate of pay for each hour worked in excess of forty (40) per work week during her employment with Defendant.

39. During her/their employment with Defendant, Plaintiff, and those similarly situated to her, regularly worked overtime hours but was/were not paid time and one half compensation for same.

40. Specifically, Defendant has been improperly deducting a two (2) hour meal break which Plaintiff does not or rarely gets the benefit of actually taking.

41. The time deducted for meal breaks each day would have resulted in the Plaintiff's total hours worked for the week exceeding forty (40) hours.

42. In addition, Defendant did not maintain and keep accurate time records as required by the FLSA for Plaintiff and other similarly situated employees.

43. Also, Defendant failed to post required FLSA informational listings as required by the FLSA for Plaintiff and other similarly situated employees.

44. As a result of Defendant's willful violation of the FLSA, Plaintiff, and those similarly situated to her, is/are entitled to liquidated damages.

45. As a result of Defendant's intentional, willful, and unlawful acts in refusing to pay Plaintiff, and those similarly situated to her, time and one-half their regular rate of pay for each hour worked in excess of forty (40) per work week in one or more work weeks, Plaintiff,

and those similarly situated to her, has/have suffered damages plus incurring reasonable attorneys' fees and costs.

WHEREFORE, Plaintiff demands judgment against Defendant for the payment of all overtime hours at one and one-half the regular rate of pay for the hours worked by her for which Defendant did not properly compensate her, liquidated damages, reasonable attorneys' fees and cost incurred in this action, declaratory relief, and any and all further relief that this Court determines to be just and appropriate. If liquidated damages are not awarded then prejudgment interest.

## COUNT II- DECLARATORY RELIEF

46. Plaintiff readopts and reincorporates paragraphs 1 – 36 above as though fully stated herein.

47. Plaintiff and Defendant have a Fair Labor Standards Act dispute pending, which the Court has jurisdiction to hear pursuant to 28 U.S.C. §1331, as a federal question exists.

48. The Court also has jurisdiction to hear Plaintiff's request for declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. §§2201-2202.

49. Plaintiff may obtain declaratory relief.

50. Defendant employed Plaintiff.

51. Defendant, Sodexo, Inc. is an enterprise.

52. Plaintiff was individually covered by the FLSA.

53. Defendant failed to pay Plaintiff for all the hours worked.

54. Plaintiff and other food servers are entitled to overtime pursuant to 29 U.S.C. §207(a)(1).

55. Defendant did not keep accurate time records pursuant to 29 U.S.C. §211(c) and 29 C.F.R. Part 516.

56. Defendant did not rely on a good faith defense.

57. Plaintiff is entitled to an equal amount of liquidated damages.

58. It is in the public interest to have these declarations of rights recorded.

59. Plaintiff's declaratory judgment action serves the useful purpose of clarifying and settling the legal relations in issue.

60. The declaratory judgment action terminates and affords relief from uncertainty, insecurity, and controversy giving rise to the proceeding.

61. Plaintiff demands a trial by jury.

WHEREFORE, PREMISES CONSIDERED, Plaintiff, and all other similarly situated employees, demand judgment against Defendant for:

1. Designation of this action as a collective action under the terms of 29 U.S.C. §216(b) to all similarly situated members of the FLSA Opt-in Class, apprising them of the pendency of this action and permitting them to assert their FLSA claims in this action through individual consent;

2. The payment of all overtime hours at one and one-half the regular rate of pay for the hours worked by them for which Defendants did not properly compensate her/them;

3. Liquidated damages;

4. Reasonable attorneys' fees and costs incurred in this action;

5. A declaration that Plaintiff and the Opt-in Plaintiffs were employees of Defendants' under the terms of the FLSA and not exempt.

6. Pre- and post-judgment interest as provided by law;

7. Trial by jury on all issues so triable; and

8. Any and all further relief that this Court determines to be appropriate.

This the 9th day of June, 2014.

        Respectfully submitted,

        ANGENETTE WALKER on behalf of herself and those similarly situated

        */s/ Christopher W. Espy*

        Christopher W. Espy, Esq., MSB #102424
        CHRISTOPHER W. ESPY,
        ATTORNEY AT LAW, PLLC.
        P.O. Box 13722
        Jackson, MS 39236-3722
        Tel.: (601) 812-5300
        Fax: (601) 500-5719
        Email: chris.espy@espylawpllc.com

        ATTORNEY FOR PLAINTIFF